UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ANTHONY MASSARO,
                         Plaintiff,

                                                                 5:06-CV-1516
                                                                  (NAM)(DEP)

   v.

NEW YORK STATE,
                         Defendant.
--------------------------------------------------------

APPEARANCES:

ANTHONY MASSARO
Plaintiff, *pro se*

**Norman A. Mordue, Chief U.S. District Judge**

## **DECISION and ORDER**

**I.    Background**.

    The Clerk has sent to the Court a complaint, together with an application to proceed *in forma pauperis*, filed by plaintiff Anthony Massaro. Dkt. No. 1 and 2.

    In his *pro se* complaint, plaintiff alleges that he was born in 1949 to two wards of the state who lived at the Rome State School. Dkt. No. 1 at 2. Plaintiff further alleges that he was immediately placed in foster care. Plaintiff has recently met his mother, and is now seeking a Court Order to obtain information about his father. *Id.* at 6, 7. For a complete statement of the claims, reference is made to the complaint.

**II.    Discussion.**

        **(A)    Application to Proceed *in Forma Pauperis*.**

    After reviewing the entire file, the Court finds that the plaintiff has established financial need to commence this action without payment of the filing fee. Since the Court has found that plaintiff meets

the financial criteria for commencing this case *in forma pauperis,* the Court must consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> \*\*\*
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*. *Id.*

**(B)    Allegations Contained in the Complaint.**

Plaintiff has brought this complaint on a form meant to bring actions pursuant to 42 U.S.C. §1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, \*2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

It appears from plaintiff's complaint that he seeks a Court Order requiring the Office of Mental Retardation and Developmental Disabilities to provide plaintiff with his father's records.[1]

---

[1] The Court notes that plaintiff has been informed twice by the Office of Mental Retardation and Developmental Disabilities that their office would not be able to provide his father's record without a court order or a legislative change. Dkt. No. 1 at 32, 33.

Although this Court sympathizes with the difficulties plaintiff has had in obtaining his father's records, this Court cannot discern any legally cognizable claims under 42 U.S.C. § 1983 against the former and current state agencies and officials identified in plaintiff's complaint. Plaintiff does not claim or state that any state office or official has violated his constitutional rights nor can the Court conceive of any rights the state or its employees may have violated in refusing to provide plaintiff with copies of his putative father's mental health records pursuant to the confidentiality requirements of New York State's Mental Hygiene Law § 33.13. Moreover, even if plaintiff had any claims against the state agencies or officials identified in his complaint, they would likely enjoy full immunity from suit based on the Eleventh Amendment. Plaintiff may be able to obtain the Order he seeks from a state court pursuant to Mental Hygiene Law § 33.13 and 33.16.

III. **Conclusion.**

Based on the foregoing, plaintiff has failed to state any claim upon which relief may be granted by this Court.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's *in forma pauperis* application (Dkt. # 2) is granted; it is further

**ORDERED** that plaintiff's complaint is dismissed without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff.

Dated:   February 22, 2007
         Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge